■    MARVIN A. HOLLAND, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 48322.)— Appeal from a judgment in favor of the claimant, entered July 22, 1970, upon a decision of the Court of Claims. The State appropriated 2.165 acres of land and a .038 acre for a permanent easement from a 5.4-acre parcel purchased by claimant for $31,000 approximately eight months prior to the taking. The State argues on this appeal that the award of $12,390,

---

* Fictitious Name.

based on the price paid for the property by claimant, does not reflect its true market value on the date of appropriation. The record reveals that the transaction was normal and at arm's length and that claimant purchased the property for either lease or resale for business use, considering the likelihood of its being rezoned for business. We conclude that the price at which the property was acquired within a short time of the taking is the best evidence of its market value at the time of the appropriation. (*Vasile* v. *State of New York*, 30 A D 2d 1042, affd. 24 N Y 2d 969.) The State further contends that there is insufficient evidence for the court to conclude that there existed at the time of the taking a reasonable probability that the property would be rezoned from residential to commercial use, so as to justify claimant's purchase price in excess of residential value. The existence of the county highway project adjacent to claimant's property could properly be considered. Furthermore, the adoption of the new "Master Plan" by the town was certainly some evidence of a potential change. In addition, there is evidence that the property appropriated was included in an area for which public hearings were scheduled for rezoning from residential to commercial. In our opinion there is. sufficient evidence in this record to indicate a reasonable probability of a zoning change from residential to commercial so as to have an actual effect on the market value of the property at the time of the taking. (*Valley Stream Lawns* v. *State of New York*, 9 A D 2d 149, 152.) We find no merit in the State's contention that any enhancement in value to the property was due to the anticipated appropriation by the State, citing *United States* v. *Miller* (317 U. S. 369). Claimant's award is based upon the price he paid for the land, with no increment. The record does not support the contention that he speculated or that the property increased in value solely by reason of the State's highway project. Judgment affirmed, with costs to claimant. Greenblott, Sweeney, Simons and Reynolds, JJ., concur; Staley, Jr., J. P., not voting.